# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JIMMY BERTRAND, ET AL.

**DEFENDANTS**
DENISE WHITE, ET AL.

(b) County of Residence of First Listed Plaintiff  Norway

County of Residence of First Listed Defendant  Jefferson

(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

(c) Attorney's (Firm Name, Address and Telephone Number)
Kenneth W. Lewis
Bush Lewis, PLLC
595 Orleans Street, Suite 500
Beaumotn, TX  77701
409-835-3521

Attorneys  (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only))

| | |
|---|---|
| ☐ 1 | U.S. Government Plaintiff |
| ☐ 2 | U.S. Government Defendant |
| ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "x" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel &
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury –Slander Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug ☐
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/ Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(G))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS –Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. W/Disabilities - Employment
- ☐ 446 Amer. W/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing .(Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☒ UNDER F.R.C.P. 23

DEMAND $
in excess of $ 75,000.00

CHECK YES only if demanded in compl:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):

| | JUDGE | DOCKET NUMBER |
|---|---|---|

DATE
5/1/09

SIGNATURE OF ATTORNEY OF RECORD
/s/ Michael P. Cash.

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____
JS 44 Reverse (Rev. 11/04)

EXHIBIT
B

PAGE 1 OF 1

# CIVIL DOCKET, DISTRICT COURT

CASE NO. B-0182963-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| B-0182963- | BERTRAND, JIMMY VS WHITE, DENISE | LEWIS, KENNETH W PLFT NO ATTORNEY AT THIS TIME DEFT | CONTRACT | 1/05/2009 |
| | | | DISPOSITION DATE | JURY FEE | DATE |
| | | | | 30.00 | 1/05/09 |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY

APR 3 0 2009

CAUSE NO. _B182-963_

| | | |
|---|---|---|
| JIMMY BERTRAND and<br>NICOLA BERTRAND | §<br>§ | IN THE DISTRICT COURT OF |
| | § | |
| VS. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| | § | |
| DENISE WHITE; | § | |
| NATIONAL TAX, INC.; | § | |
| COMPRO TAX, INC.; and | § | _60 6th_ JUDICIAL DISTRICT |
| COMPRO TAX-NORTH | § | |

## PLAINTIFFS' ORIGINAL PETITION, MOTION FOR ENTRY OF A LEVEL 3 DISCOVERY PLAN AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs JIMMY BERTRAND and NICOLA BERTRAND, file this Original Petition complaining of DENISE WHITE, NATIONAL TAX, INC., COMPRO TAX, INC., and COMPRO TAX-NORTH, defendants, and for cause of action would show as follows:

### A. Discovery Control Plan

1.    Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 pursuant to a court ordered discovery control plan tailored to the circumstances of this particular lawsuit.  Plaintiffs now moves for entry of such a Level 3 Discovery Plan in this case.

### B. Parties

2.    Plaintiffs are individuals residing in Jefferson County, Texas.

3.    Defendant Denise White is an individual and may be served with process at 2720 N. 11th Street, Beaumont, Texas 77707.

4.    Defendant Compro Tax, Inc. is a domestic corporation and may be served with process by serving its registered agent for service, Jackie Mayfield, 999 S. 4th Street, Beaumont, Texas 77701.

5.     Defendant Compro Tax-North is a proprietorship and may be served with process by serving its owner, Denise White, 2720 N. 11th Street, Beaumont, Texas 77707.

6.     Defendant National Tax, Inc. is a private corporation or other entity organized in some state other than the State of Texas, and does not maintain an office in the State of Texas; such defendant does not maintain a place of regular business in the State of Texas; nor has such defendant designated an agent upon whom service may be made.  Such defendant is doing business in the State of Texas and, in accordance with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has appointed the Secretary of State of the State of Texas as its agent upon whom service may be made.  It is plaintiffs' understanding that such defendant's home office address is as follows: National Tax, Inc., 303 S. President Street, Wheaton, Illinois 60187.

## C. Jurisdiction

7.     The damages in this case exceed the minimum jurisdictional limits of this Court and all defendants did business in the State of Texas so as to subject themselves to the personal jurisdiction of its courts.

## D. Venue

8.     Venue is proper in Jefferson County, Texas, pursuant to the permissive venue provisions of the Civil Practice and Remedies Code Sections 15.002(a)(1) because all or a substantial portion of the events or omissions occurred there and pursuant to Section 17.56 of the Business and Commerce Code because all or a substantial portion of the events or omissions giving rise to the claim occurred there.

### E. Facts

9.      In early 2007, plaintiffs sought tax preparation services and legal tax reducing investments from one or more of the defendants in regards to their 2006 tax return due on April 15, 2007. One or more of the defendants sold to them an alleged partial ownership in a tax shelter scheme that was represented as a lawful method to reduce their taxes and reported the investment on their tax returns in a way that caused plaintiffs to owe taxes, interest and potential penalties.

10.     Upon notification by the Internal Revenue Service that the tax reduction was being disallowed, plaintiffs were informed by one or more of the defendants that a law firm had been hired by defendants on behalf of plaintiffs to appeal and challenge the Internal Revenue Service decision to disallow the tax deductions but plaintiffs never had any contact from any such lawyers and received no notice of abatement, delay or reduction of the assessment of taxes, interest and potential penalties by the Internal Revenue Service.

### Count 1

### F. Deceptive Trade Practices Act

11.     Plaintiffs sought to purchase or did purchase goods and/or services so as to qualify as consumers under Section 17.45(4) of the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA hereinafter) for all purposes of this lawsuit.

### G. Defendants Can Be Sued Under DTPA

12.     Defendants are all business entities that can be sued under the DTPA.

### H. DTPA Violations

13.     Defendants violated the DTPA when defendants engaged in false, misleading, or

deceptive acts or practices upon which plaintiffs relied to plaintiffs' detriment, breached express and implied warranties, and engaged in unconscionable actions and courses of action.

### I. Deceptive Acts or Practices

14.     Defendants individually and/or collectively specifically engaged in the following false, misleading, or deceptive acts or practices:

   a.     Passing off good or services as those of another in violation of §17.46(b)(1);

   b.     Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services in violation of §17.46(b)(2);

   c.     Causing confusion or misunderstanding about affiliation, connection, or association with, or certification by, another in violation of §17.46(b)(3);

   d.     Representing that goods or services have approval, characteristics, uses, benefits or quantities they do not in violation of §17.46(b)(5);

   e.     Representing that goods or services are of a particular standard, quality or grade if they are not in violation of §17.46(b)(7);

   f.     Representing that an agreement confers or involves rights, remedies, or obligations that it does not (§17.46(b)(12)); and/or

   g.     Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed (§17.46(b)(24).

Plaintiffs detrimentally relied on one or more of the foregoing false, misleading, or deceptive acts or practices.

### J. Breaches of Warranty

15.     The conduct previously described constitutes creation and breach of express warranties that goods and services would be provided in the represented manner and

quality and of the implied warranty that said goods and services would meet the acceptable industry standards for tax preparation and investments for tax reduction purposes.

### K.  Unconscionable Acts or Course of Action

16.     The previously described conduct is an unconscionable act or practice or course of conduct because to plaintiffs' detriment it took advantage of their lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

### L.  Producing Cause of Damages

17.     Defendants' violations of the DTPA were a producing cause of economic damages that include out-of-pocket, benefit-of-the-bargain, costs of mitigation, and lost time damages and severe mental anguish and emotional distress.  More specifically, plaintiffs' damages through the date of 12/31/08 date include but are not limited to the following:

    a.     $5,493.00 in back taxes;

    b.     Plaintiffs' lost time) of $2,500.00 (50 hours at $50/hr.);

    c.     Approximately $900.00 in interest;

    d.     Loss of investment of $4,402.00; and

    e.     $165.00 in tax preparation;

### M.  Additional Damages

18.     Defendants are believed to have acted knowingly and intentionally in their violations of the DTPA entitling plaintiffs to a trebling of both economic and mental anguish damages.

### N.  Equitable Relief

19.     Under appropriate provisions of the DTPA, Plaintiffs seek:

    a.     An order ordering for defendants to immediately refund all payments made

by plaintiffs to defendants so that plaintiffs may use those funds to mitigate their damages by paying the amounts owed the Internal Revenue Service pursuant to Section 17.50(b)(3);

b.     Rescission of any terms of agreements between the parties that might limit plaintiffs' rights of recovery pursuant to Section 17.50(b)(3);

c.     Appointment of a receiver if judgment against defendants is not satisfied within 30 days of entry pursuant to Section 17.59;

d.     Revocation of any of defendants' licenses and/or certificates to do business if the judgment is not satisfied within three months of entry pursuant to Section 17.50(b)(4); and

e.     Such other equitable relief to which plaintiffs may be justly entitled.

### O.  Attorney's Fees

20.     The undersigned attorneys reasonable time in this case already exceeds $10,000 and grows weekly.  Said attorneys are entitled to reasonable attorneys' fees from defendants for the handling of this claim for plaintiffs before and during litigation and, if necessary, through all appeals.

### P.  Conditions Precedent

21.     All conditions precedent to plaintiffs' claims for relief have been performed or have occurred.

### Count 2

### Q.  Breach of Contract

22.     As set forth above, plaintiffs entered into a contract with defendants for the purchase

of sales and services.  Plaintiffs have fully performed their obligations under the contract by payment in full.

23.     Defendants breached the contract described above by failing to properly inform and/or perform and/or remedy defects and/or breaches in their performance and properly deliver the goods and services for which plaintiffs contracted.

24.     As a result of defendants' breach of contract, plaintiffs sustained financial harm and lost the benefits expected to be received from the contract if the defendants had performed as promised.

25.     Plaintiffs seeks all actual and consequential damages suffered from defendants' breach of contract.

26.     Plaintiffs are entitled to recover reasonable attorney's fees since this is a claim on a written contract within the meaning of the Texas Civil Practice & Remedies Code, Section 38.001.  Plaintiffs have been required to retain the services of counsel to prosecute this action.

### R.  Breach of Fiduciary Duties

27.     Plaintiffs allege that one or more defendants may have violated fiduciary duties owned plaintiffs.  Should one or more defendants be found to have violated fiduciary duties owed to plaintiffs, plaintiffs seek such equitable relief as may be appropriate.

### S.  Request for Disclosures

28.     Under Texas Rule of Civil Procedure 194, plaintiffs request that each defendant disclose, within 50 days of the service of this request, the information and material described in Rule 194.2.

7

## T.  Prayer

29.   For these reasons, plaintiffs ask that the court issue citation for defendants to appear and answer, and that plaintiffs be awarded a judgment against defendants, jointly and severally, or as may otherwise be appropriate,  for the following:

    a.    Actual damages;

    b.    Additional or exemplary damages;

    c.    Prejudgment and post-judgment interest;

    d.    Attorney's fees;

    e.    Court costs; and

    f.    All other relief to which plaintiff is entitled at law or in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
San Jacinto Building
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Texas Bar #12295300

Thomas A. Peterson
Texas Bar #15842900
PETERSON, PETIT & PETERSON, LLP
595 Orleans, Ste. 511
Beaumont, Texas 77701
409/838-6144
409/838-4421 (Fax)

ATTORNEYS FOR PLAINTIFFS

8

## **JURY DEMAND**

Plaintiffs respectfully request a trial by jury.

RETURN COPY WINSTEAD

## CAUSE NO. B-182-963

| | | |
|---|---|---|
| JIMMY BERTRAND and NICOLA BERTRAND | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs** | § § | |
| v. | § § | JEFFERSON COUNTY, TEXAS |
| DENISE WHITE, ET AL. | § § | |
| **Defendants.** | § | 60th JUDICIAL DISTRICT |

## DEFENDANT COMPRO TAX, INC.'S ORIGINAL VERIFIED ANSWER

COMES NOW Defendant Compro Tax, Inc. ("Defendant") and files this Original Verified Answer to the claims brought against it by Plaintiffs in their original petition.

### GENERAL DENIAL

Defendant generally denies each and every material allegation of the Petition and demand strict proof thereof as required by the constitution and laws of Texas. TEX. R. CIV. P. 92. Defendant reserves the right to amend or supplement this pleading in conformity with the Texas Rules of Civil Procedure.

### VERIFIED DENIAL

Plaintiffs are not entitled to recover in the capacity in which they have sued.

Defendant is not liable in the capacity in which it has been sued.

### PRAYER

Defendant requests that upon final hearing of this lawsuit the court order that Plaintiffs take nothing by way of their claims against Defendant and that all costs be taxed against Plaintiffs. Defendant further requests all other relief to which it may be entitled.



LOLITA RAMOS
DISTRICT CLERK

'09 MAR -9 AM :02

FILED
DISTRICT COURT OF
JEFFERSON CO. TEXAS

Respectfully submitted,

WINSTEAD PC

By: _____
       Michael P. Cash, State Bar No. 03965500
600 Travis, Suite 1100
Houston, Texas 77002
Telephone: (713) 650-2711
Telecopier: (713) 650-2400

**ATTORNEYS FOR DEFENDANT
COMPRO TAX, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by certified mail, return receipt requested or facsimile on this the 5th day of March, 2009:

Kenneth W. Lewis
Bush Lewis, PLLC
595 Orleans Street, Suite 500
Beaumont, Texas 77701
Telephone:  409-835-3521
Facsimile:  409-835-4194

Thomas A. Peterson
Peterson, Petit & Peterson, LLP
595 Orleans Street, Suite 511
Beaumont, Texas 77701
Telephone:  409-838-6144
Facsimile:  409-838-4421

*Attorneys for Plaintiffs*

_____
Michael P. Cash

## <u>VERIFICATION OF COMPRO TAX, INC.</u>

PARISH OF CALCASIEU         §
                                      §

STATE OF LOUISIANA         §

      Before me, the undersigned notary, on this day personally appeared Ron Fontenot, a person whose identity is known to me, and after I administered an oath to him on his oath deposed and stated:

      My name is Ron Fontenot.  I am of sound mind, over the age of 21, have never been convicted of a felony or other crime involving moral turpitude.  I am fully competent and authorized to make this affidavit on behalf of Compro Tax, Inc.  I have personal knowledge of the facts stated in Defendant's Answer to Plaintiffs' Original Petition, and they are true and correct.

                          RON FONTENOT

Subscribed to and sworn to before me on this the 2nd day of March, 2009.

                          Marshall J. Simien, Jr., Bar No. 21377

                               NOTARY PUBLIC

                            My commission is for life.

CAUSE NO. B-182,963

| | | |
|---|---|---|
| JIMMY BERTRAND and<br>NICOLA BERTRAND | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| DENISE WHITE;<br>NATIONAL TAX, INC.;<br>COMPRO TAX, INC.; and<br>COMPRO TAX-NORTH | §<br>§<br>§<br>§<br>§ | 60TH JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION AND MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs JIMMY BERTRAND and NICOLA BERTRAND, **COREY KOENIG, and FREDRICKA MARIE HALL** file this First Amended Original Petition and Motion for Class Certification as a class action against and complaining of DENISE WHITE, **CRAIG D. JOHNSON**, NATIONAL TAX, INC., **GAS RECOVERY PARTNERS 2 GP**, COMPRO TAX, INC., and COMPRO TAX-NORTH, defendants, and for cause of action would show as follows:

### A.  Discovery Control Plan

1.    Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 pursuant to a court ordered discovery control plan tailored to the circumstances of this particular lawsuit.  Plaintiffs now move for entry of such a Level 3 Discovery Plan in this case.

### B.  Parties

2.    Plaintiffs Jimmy Bertrand and Nicola Bertrand are individuals residing in Jefferson County, Texas.

3.    Plaintiff Corey Koenig is an individual residing in Hardin County, Texas.

4.     Plaintiff Fredricka Marie Hall is an individual residing in Harris County, Texas.

5.     Defendant Denise White is an individual and may be served with process at 2720 N. 11th Street, Beaumont, Texas 77707.

6.     Defendant Craig D. Johnson is an individual and may be served with process at Compro Tax, Inc., 999 South 4th Street, Beaumont, Texas 77701.

7.     Defendant Compro Tax, Inc. is a domestic corporation and may be served with process by serving its registered agent for service, Jackie Mayfield, 999 S. 4th Street, Beaumont, Texas 77701.

8.     Defendant Compro Tax-North is a proprietorship and may be served with process by serving its owner, Denise White, 2720 N. 11th Street, Beaumont, Texas 77707.

9.     Defendant National Tax, Inc. is a private corporation or other entity organized in some state other than the State of Texas, and does not maintain an office in the State of Texas; such defendant does not maintain a place of regular business in the State of Texas; nor has such defendant designated an agent upon whom service may be made.  Such defendant is doing business in the State of Texas and, in accordance with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has appointed the Secretary of State of the State of Texas as its agent upon whom service may be made.  It is plaintiffs' understanding that such defendant's home office address is as follows: National Tax, Inc., 303 S. President Street, Wheaton, Illinois 60187.

10.    Defendant Gas Recovery Partners 2 GP is a private corporation or other entity organized in some state other than the State of Texas, and does not maintain an

2

office in the State of Texas; such defendant does not maintain a place of regular business in the State of Texas; nor has such defendant designated an agent upon whom service may be made.  Such defendant is doing business in the State of Texas and, in accordance with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has appointed the Secretary of State of the State of Texas as its agent upon whom service may be made.  It is plaintiffs' understanding that such defendant's registered agent for service in Florida is:  Gas Recovery Partners 2 GP, Margot Calvert, 3405 Amberjack Drive, Hernando Beach, Florida 34607.

### C.  Jurisdiction

11.     The damages in this case exceed the minimum jurisdictional limits of this Court and all defendants did business in the State of Texas so as to subject themselves to the personal jurisdiction of its courts.

### D.  Venue

12.     Venue is proper in Jefferson County, Texas, pursuant to the permissive venue provisions of the Civil Practice and Remedies Code Sections 15.002(a)(1) because all or a substantial portion of the events or omissions occurred there and pursuant to Section 17.56 of the Business and Commerce Code because all or a substantial portion of the events or omissions giving rise to the claim occurred there.

### E.  Motion for Rule 42 Class Certification

13.     Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall, plaintiffs, move that the court certify the plaintiffs as class representatives pursuant to T.R.C.P. 42, and that this litigation proceed as a class action.  In support of this motion, the plaintiffs show:

## Class Action Allegations

14.     Pursuant to T.R.C.P. 42, plaintiffs bring this action on behalf of themselves and all others similarly situated, as representatives of the following class:

### Class Defined

15.     All persons who had tax returns prepared by a Compro Tax, Inc. entity for any of the tax years 2004, 2005, 2006 and 2007 and purchased from, through, or based on the recommendation of a Compro Tax, Inc. employee, agent or representative an interest in or from National Tax, Inc. or Gas Recovery Partners 2 GP in an alleged Methane Gas Project Internal Revenue Code Section 29 Credit for Fuel from a Nonconventional Source for which the Internal Revenue Service subsequently disallowed the credit and assessed any taxes, interest and/or penalties.

### Rule 42 Requirements

16.     As described below, this action satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of T.R.C.P. 42:

### a.     Numerosity

17.     The persons in the class are so numerous that joinder of all members is impracticable.  Although the exact number of class members is unknown to plaintiffs at this time, it is ascertainable by appropriate discovery, and plaintiffs are informed that the class includes several hundred members or more.  The identity and location of class members may be identified from the records maintained and possessed by the defendants or their representatives or agents.

**b.**   **Commonality**

18.   There are common questions of law or fact affecting the class.   Specifically, predominant common questions include:

(i)   Whether defendants breached contracts with class members by failing to provide the lawful tax credits for which class members contracted and paid.

(ii)   Whether defendants or any agents or employees of defendants misrepresented to class members the characteristics or benefits of the interests purchased by class members.

(iii)   Whether defendants engaged in deceptive conduct or fraud in their dealings with class members.

(iv)   Whether any defendants were agents of other defendants in their transactions with class members.

(v)   Whether any defendants breached the Texas Securities Act in selling alleged ownership of tax credits to class members.

**c.**   **Typicality**

19.   The claims of Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall are typical of the claims of the rest of the class in that these plaintiffs each purchased alleged ownership interests for one or more of the tax years 2004, 2005, and 2006 from either National Tax, Inc. or Gas Recovery Partners 2 GP, or both, at or on the recommendation of  a Compro  Tax, Inc. tax preparer for which the Internal Revenue Service subsequently disallowed the credits and assessed taxes, interest and/or penalties.  Each plaintiff nominated as a class representative and all members of the class have

identical theories of liability and sustained damages from defendants' breach of contract, negligence, fraud, deceptive practices, possible violations of the Texas Securities Act, breach of fiduciary duties, and unjust enrichment.

### d.    Fair and Adequate Representation

20.    Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall will fairly and adequately represent the interests of the class.  In support of this proposition, these plaintiffs show:

(i)     These class representatives are members of the proposed class.

(ii)    These class representatives have expressed interest in representing the class.

(iii)   These class representatives are willing to pay the costs of notice and litigation.

(iv)    These class representatives have no interests adverse to other members of the class.

(v)     These class members have suffered the same harm as the class.

### e.    Proposed Class Counsel Is Adequate

21.    Kenneth W. Lewis of Bush Lewis, PLLC, Mitchell A. Toups of Weller, Green, Toups & Terrell, LLP, and Thomas A. Peterson of Peterson, Petit & Peterson request appointment as class counsel.

(i)     Mr. Lewis and Mr. Peterson and their staffs have spent several weeks researching the issues, including interviewing approximately a dozen class members, researching the defendants, locating and reviewing the Internal

6

Revenue Service actions relating to these alleged tax credits, and researching and reviewing applicable law. Mr. Toups and Mr. Lewis have reviewed and discussed the class action issues.

(ii)  All three proposed class action counsel have practiced law for over 25 years and Mr. Lewis and Mr. Toups are Board Certified in Personal Injury Trial Law by the Texas Board of Legal Specialization. All three have extensive complex litigation experience. Mr. Lewis and Mr. Toups have been co-counsel on numerous mass tort cases, including several out-of-state mass tort cases. Mr. Lewis has worked in almost a dozen federal Multi-District Litigations (MDLs), as has Mr. Toups. Mr. Toups has been involved in dozens of national and out-of-state class actions, usually as lead counsel. Both Mr. Lewis and Mr. Toups have housed documents and served as plaintiffs' counsel headquarters for MDL and other complex litigations involved multiple plaintiffs and co-counsel.

(iii)  All three lawyers have handled complex multi-plaintiff cases with similar damage claims involving differing amounts and calculations of damages and all three are familiar with the ethical issues involved in multi-plaintiff and class action cases.

(iv)  All three lawyers will devote the necessary lawyer time, support staff, and other resources necessary to properly handle this case and have the technological experience and resources necessary to handle the class action.

7

### f.      Risk if Class Action Is Not Maintained

22.      The prosecution of separate suits by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class, potentially establishing incompatible standards of conduct.  One or more defendants may have limited resources with which to satisfy legal liability to class members and lawsuits by individual members of the class may result in plaintiffs with equal value claims receiving vastly different recoveries.   Common questions of law or fact predominate over any questions affecting only individual members.   The substantive issues that control the outcome of the litigation are:

    (i)      What are the relationships of the defendants to one another?

    (ii)      What legal role each defendant played in injury of class members?

    (iii)      What economic losses were sustained by each class member?

The issues that will predominate in the trial on the merits are:

    (i)      What legal theory or theories of liability are applicable to each defendant?

Those issues are common to the class.  Additionally, a class action in this case is superior to the other available methods for the fair and efficient adjudication of the controversy because it is the most economical for the class members.

### F. Facts

**Bertrands**

23.      In early 2007, husband and wife Plaintiffs Bertrand sought tax preparation services and legal tax reducing investments from one or more of the defendants in regards to their 2006 tax return due on April 15, 2007.  One or more of the defendants sold to them an

alleged partial ownership in a tax shelter or credit scheme that was represented as a lawful method to reduce their taxes and reported the investment on their tax returns in a manner that caused Plaintiffs Bertrand to owe taxes, interest and potential penalties.

24.     Upon notification by the Internal Revenue Service that the tax reduction was being disallowed, plaintiffs were informed by one or more of the defendants  that a law firm had been hired by defendants on behalf of plaintiffs to appeal and challenge the Internal Revenue Service decision to disallow the tax deductions but plaintiffs never had any contact from any such lawyers and received no notice of abatement, delay or reduction of the assessment of taxes, interest and potential penalties by the Internal Revenue Service.

**Koenig**

25.     In both early 2006 and 2007, Plaintiff Koenig sought tax preparation services and legal tax reducing investments from one or more of the defendants in regards, respectively, to his 2005 and 2006 tax returns due on, respectively, April 15, 2006, and April 15, 2007. One or more of the defendants sold to him an alleged partial ownership in a tax shelter or credit scheme that was represented as a lawful method to reduce his taxes and reported the investment on his tax return in a manner that caused Plaintiff Koenig to owe taxes, interest and potential penalties.

26.     Upon notification by the Internal Revenue Service that the tax reduction was being disallowed, plaintiff was informed by one or more of the defendants  that a law firm had been hired by defendants on behalf of plaintiff to appeal and challenge the Internal Revenue Service decision to disallow the tax deductions but plaintiff never had any contact from any such lawyers and received no notice of abatement, delay or reduction of the assessment of taxes, interest and potential penalties by the Internal Revenue Service.

9

**Hall**

27.     In early 2005, early 2006, and early 2007, Plaintiff Hall sought tax preparation

services and legal tax reducing investments from one or more of the defendants in regards,

respectively, for her 2004, 2005 and 2006 tax returns due on, respectively, April 15, 2005,

April 15, 2006, and April 15, 2007.  One or more of the defendants sold to her an alleged

partial ownership in a tax shelter or credit scheme each year that was represented as a

lawful method to reduce her taxes and reported the investment on her tax return in a

manner that caused Plaintiff Hall to owe taxes, interest and potential penalties.

28.     Upon notification by the Internal Revenue Service that the tax reduction was being

disallowed, plaintiff was informed by one or more of the defendants  that a law firm had

been hired by defendants on behalf of plaintiff to appeal and challenge the Internal

Revenue Service decision to disallow the tax deductions but plaintiff never had any contact

from any such lawyers and received no notice of abatement, delay or reduction of the

assessment of taxes, interest and potential penalties by the Internal Revenue Service.

**I.R.S. Ruling**

29.     After a detailed investigation of the alleged IRC Section 29 Methane Gas Project

Credits for Fuel from a Nonconventional Source (FNS), the Internal Revenue Service

concluded on June 20, 2008, "every claimed qualified facility turned out to be unqualified

as to the taxpayer at issue . . . " because "neither the taxpayers nor the related partnerships

had any ownership interest in the facility."  In fact, when the I.R.S. compliance agents

contacted landfill owners and operators, it found that the owners and operators had "not

transferred (by sale or lease) any interests in their landfills to the partnerships in question,

10

nor have they contracted the rights to the IRC § 29 credits to the partnerships."

In other words, plaintiffs were sold alleged tax credits that did not exist from alleged ownership interests allegedly sold after the operation that would give rise to any tax credits in alleged methane gas projects that did not exist. The I.R.S. concluded: "no credit should be allowed under IRC § 29 for the taxpayers identified under the Methane Gas Project. This is a factual determination based on the finding that these taxpayers do not hold any ownership interests in qualified fuel facilities."

## G.  Causes of Action

### Count 1: Breach of Contract

30.    As set forth above, plaintiffs entered into a contract with defendants for the purchase of sales and services.  Plaintiffs have fully performed their obligations under the contract by payment in full.

31.    Defendants breached the contract described above by failing to properly inform and/or perform and/or remedy defects and/or breaches in their performance and properly deliver the goods and services for which plaintiffs contracted.

32.    As a result of defendants' breach of contract, plaintiffs sustained financial harm and lost the benefits expected to be received from the contract if the defendants had performed as promised.

33.    Plaintiffs seeks all actual and consequential damages suffered from defendants' breach of contract.

34.    Plaintiffs are entitled to recover reasonable attorney's fees since this is a claim on a written contract within the meaning of the Texas Civil Practice & Remedies Code, Section

38.001.   Plaintiffs have been required to retain the services of counsel to prosecute this action.

35.   Should the claims of plaintiffs against any defendants be determined not to meet the requirements of a formal contract cause of action, plaintiffs seek to enforce against said defendants alternative quasi-contract claims in the form of quantum meruit, breach of warranty, and/or promissory estoppel.

**Count 2:  Violation of Texas Securities Act**

36.   All previous counts and paragraphs are adopted herein by reference.

37.   Plaintiffs have reason to believe that one or more defendants have violated the Texas Securities Act in their dealings with plaintiffs and seek all allowable damages against said defendants.

**Count 3:  Breach of Fiduciary Duties**

38.   All previous counts and paragraphs are adopted herein by reference.

39.   Plaintiffs allege that said conduct may involve breach of fiduciary duties owed plaintiffs by one or more defendants.  Should one or more defendants be found to have violated fiduciary duties owed to plaintiffs, plaintiffs seek such equitable and legal relief as may be appropriate.

**Count 4:  Negligence**

40.   All previous counts and paragraphs are adopted herein by reference.

　a.　　**Common Law and Professional Negligence**

41.   Plaintiffs allege that one or more defendants have breached legals duties owed to plaintiffs by failing to exercise the reasonable care that should have been exercised in the

same or similar circumstances by a reasonably prudent defendant and that such breaches of duties have been a proximate cause of plaintiffs' injuries, for which plaintiffs allege claims of negligence.

### b. Negligent Misrepresentation

42.   Plaintiffs also allege that the described conduct constitutes negligent misrepresentation in that one or more defendants made representations to the plaintiffs in the course of said defendants' business or in a transaction in which said defendant or defendants had an interest, that said defendants furnished false information for the guidance of others, defendants did not exercise reasonable care or competence in obtaining or communicating the information, plaintiffs justifiably relied upon the representations, and defendants' negligent misrepresentations proximately caused plaintiffs' injuries.

## Count 5:  Deceptive Trade Practices Act

43.   Plaintiffs sought to purchase or did purchase goods and/or services so as to qualify as consumers under Section 17.45(4) of the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA hereinafter) for all purposes of this lawsuit.

### a. Defendants Can Be Sued Under DTPA

44.   Defendants are all business entities that can be sued under the DTPA.

### b. DTPA Violations

45.   Defendants violated the DTPA when defendants engaged in false, misleading, or deceptive acts or practices upon which plaintiffs relied to plaintiffs' detriment, breached express and implied warranties, and engaged in unconscionable actions and courses of

action.

### c.   Deceptive Acts or Practices

46.   Defendants individually and/or collectively specifically engaged in the following false, misleading, or deceptive acts or practices:

    (a)   Passing off good or services as those of another in violation of §17.46(b)(1);

    (b)   Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services in violation of §17.46(b)(2);

    (c)   Causing confusion or misunderstanding about affiliation, connection, or association with, or certification by, another in violation of §17.46(b)(3);

    (d)   Representing that goods or services have approval, characteristics, uses, benefits or quantities they do not in violation of §17.46(b)(5);

    (e)   Representing that goods or services are of a particular standard, quality or grade if they are not in violation of §17.46(b)(7);

    (f)   Representing that an agreement confers or involves rights, remedies, or obligations that it does not (§17.46(b)(12); and/or

    (g)   Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed (§17.46(b)(24).

Plaintiffs detrimentally relied on one or more of the foregoing false, misleading, or deceptive acts or practices.

### d.   Breaches of Warranty

47.   The conduct previously described constitutes creation and breach of express warranties that goods and services would be provided in the represented manner and quality and of the implied warranty that said goods and services would meet the acceptable industry standards for tax preparation and investments for tax reduction purposes.

14

### e.    Unconscionable Acts or Course of Action

48.    The previously described conduct is an unconscionable act or practice or course of conduct because to plaintiffs' detriment it took advantage of their lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

### f.    Producing Cause of Damages

49.    Defendants' violations of the DTPA were a producing cause of economic damages that include out-of-pocket, benefit-of-the-bargain, costs of mitigation, and lost time damages and severe mental anguish and emotional distress.  More specifically, plaintiffs' damages to date include but are not limited to the following:

    (a)    Back taxes;

    (b)    Plaintiffs' lost time;

    (c)    Interest;

    (d)    Loss of investment; and

    (e)    Tax preparation costs.

### g.    Additional Damages

50.    Defendants are believed to have acted knowingly and intentionally in their violations of the DTPA entitling plaintiffs to a trebling of both economic and mental anguish damages.

### h.    Equitable Relief

51.    Under appropriate provisions of the DTPA, Plaintiffs seek:

    (a)    An order ordering for defendants to immediately refund all payments made
        by plaintiffs to defendants so that plaintiffs may use those funds to mitigate
        their damages by paying the amounts owed the Internal Revenue Service

15

pursuant to Section 17.50(b)(3);

(b)   Rescission of any terms of agreements between the parties that might limit

plaintiffs' rights of recovery pursuant to Section 17.50(b)(3);

(c)   Appointment of a receiver if judgment against defendants is not satisfied

within 30 days of entry pursuant to Section 17.59;

(d)   Revocation of any of defendants' licenses and/or certificates to do business

if the judgment is not satisfied within three months of entry pursuant to

Section 17.50(b)(4); and

(e)   Such other equitable relief to which plaintiffs may be justly entitled.

**i.**      **Attorney's Fees**

52.   The undersigned attorneys reasonable time in this case is already significant  and

still increasing.  Said attorneys are entitled to reasonable attorneys' fees from defendants

for the handling of this claim for plaintiffs before and during litigation and, if necessary,

through all appeals.

**j.**      **Conditions Precedent**

53.   All conditions precedent to plaintiffs' claims for relief have been performed or have

occurred or compliance is impossible or impractical.

**Count 6: Unjust Enrichment and Other Equitable Relief**

54.   The allegations of all previous counts and paragraphs are adopted herein by

reference.

55.   As an alternative cause of action if it is determined that plaintiffs have no legal

remedy against one or more defendants, plaintiffs plead that the conduct of defendants

have resulted in defendants' unjustly enriched to the detriment or impoverishment of plaintiffs, without justification and that if plaintiffs are without a legal remedy against such defendants, plaintiffs should be entitled to full restitution of all money paid to all defendants as an equitable remedy for such unjust enrichment.

**Count 7:  Fraud**

56.    The allegations of all previous counts and paragraphs are adopted herein by reference.

57.    Plaintiffs allege that one or more defendants made or caused to be made to plaintiffs material false representations that said defendant or defendants knew were false or were made recklessly, as a positive assertion, and without knowledge of its truth, with the intent plaintiffs would rely on the representations, plaintiffs did rely on the representations, and plaintiffs were caused injury by the representations, for which plaintiffs allege claims of fraud.

## H. Agency

58.    The allegations of all previous counts are adopted herein by reference.

59.    Plaintiffs have reason to believe that Defendants White and Johnson owned or worked for Compro Tax offices that were franchises of or owned by Compro Tax, Inc. and that the tax shelters or credits sold at these offices were promoted by Compro Tax, Inc., with one or more of the local franchise, tax preparer, or Compro Tax, Inc. receiving commissions from the sales.  In any case, Defendants White and Johnson are believed to be agents of Compro Tax, Inc., with actual or apparent authority so as to bind Defendant Compro Tax, Inc., by their acts and omissions and to make Compro Tax, Inc. legally

17

responsible for all of their liability. Strictly in the alternative, Defendants White and Johnson are "brokers" for Compro Tax, Inc. (as alleged in the past in legal pleadings and/or judicial admissions filed on behalf of Compro Tax, Inc.), pay Compro Tax, Inc. a portion of their income, benefit from Compro Tax, Inc., and therefore create legal liability under the agency principle of apparent authority.   In the further alternative, the individual offices and employees under the Compro Tax, Inc. umbrellas are engaged in a joint enterprise so as to be jointly and severally  liable for any damages suffered by plaintiffs and other class members.

### I.  Requests for Disclosures

60.    Under Texas Rule of Civil Procedure 194, plaintiffs request that each defendant disclose, within 50 days of the service of this request, the information and material described in Rule 194.2.

### J.  Prayer

61.    WHEREFORE, Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall, on behalf of themselves and others similarly situated, pray for the following relief:

a.    That the court issue citation for defendants to appear and answer.

b.    That the court certify the class as described in this petition and motion.

c.    That the court appoint class counsel.

d.    That the court award the class money damages.

e.    That the court issue an injunction enjoining the defendants from continuing the policies and practices complained of in this petition.

18

f.     That the court award the class prejudgment and postjudgment interest and costs of

suit.

g.     That the court award Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and

Fredricka Marie Hall and the class members reasonable attorney's fees.

h.     Such other relief, at law or in equity, to Plaintiffs Jimmy and Nicola Bertrand, Corey

Koenig, and Fredricka Marie Hall and the class as they may themselves be justly

entitled.

Respectfully submitted,

BUSH LEWIS, PLLC
San Jacinto Building
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
    Kenneth W. Lewis
    Texas Bar #12295300

Mitchell A. Toups
Texas Bar #20151600
Weller, Green, Toups & Terrell, L.L.P.
P.O. Box 350
Beaumont, TX 77704
409/838-0101
409/832-8577 (Fax)

Thomas A. Peterson
Texas Bar #15842900
PETERSON, PETIT & PETERSON
595 Orleans, Ste. 511
Beaumont, Texas 77701
409/838-6144
409/838-4421 (Fax)

ATTORNEYS FOR PLAINTIFFS

19

## JURY DEMAND

Plaintiffs respectfully request a trial by jury.

## CERTIFICATE OF SERVICE

I certify that on this _2nd_ day of _March_, 2009 a copy of this Plaintiffs' First Amended Original Petition and Motion for  Class Certification was served by both certified mail and fax on Defendant Compro Tax, Inc. through its counsel of record, Michael P. Cash, of Winstead, PC, 600 Travis, Ste. 1100, Houston, TX 77002, on Defendant National Tax, Inc. through its counsel of record, John W. Newton at Roach & Newton, LLP, 2905 Toccoa St., Beaumont, TX 77703, and by certified mail on Defendants Denise White and Compro Tax-North at 2720 N. 11th St., Beaumont, TX 77707.

Kenneth W. Lewis

CAUSE NO. B-182,963

| | | |
|---|---|---|
| JIMMY BERTRAND and | § | IN THE DISTRICT COURT OF |
| NICOLA BERTRAND | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| DENISE WHITE; | § | |
| NATIONAL TAX, INC.; | § | |
| COMPRO TAX, INC.; and | § | |
| COMPRO TAX-NORTH | § | 60th JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION AND MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs JIMMY BERTRAND and NICOLA BERTRAND, COREY KOENIG, and FREDRICKA MARIE HALL file this Second Amended Original Petition and Motion for Class Certification as a class action against and complaining of DENISE WHITE, CRAIG D. JOHNSON, NATIONAL TAX, INC., GAS RECOVERY PARTNERS 2 GP, COMPRO TAX, INC., COMPRO TAX-NORTH, **GEORGE CALVERT, CALVERT AND ASSOCIATES, INC., GREGORY GUIDO, GRP2, CH4, GREEN EARTH, LOUIS POWELL, ELIZABETH POWELL, THE INCOME TAX OFFICE, U.S. ENERGY CREDITS, CARL MARTIN STEWART, VIRTUAL PROFESSIONAL EDUCATION, EDWARD W. ADAMS, MR. TAX OF AMERICA, TIMOTHY W. ADAMS, FEDERAL USTAXCO, INC., SALLY HAND-BOSTICK, NATIONAL EXPRESS TAX, RONALD FONTENOT, MARK D. JOHNSON, MDJ BUSINESS SERVICES, VINSON STANPILL, ACCURATE BUSINESS SERVICES,** and **ELIZABETH SPINELLI,** defendants, and for cause of action would show as follows:

### A. Discovery Control Plan

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 pursuant to a court ordered discovery control plan tailored to the circumstances of

this particular lawsuit.  Plaintiffs now move for entry of such a Level 3 Discovery Plan in this case.

## B.  Parties

### Plaintiffs

2.      Plaintiffs Jimmy Bertrand and Nicola Bertrand are individuals residing in Jefferson County, Texas.

3.      Plaintiff Corey Koenig is an individual residing in Hardin County, Texas.

4.      Plaintiff Fredricka Marie Hall is an individual residing in Harris County, Texas.

### Business Entity Primary Promoter Defendants

5.      Defendant National Tax, Inc. is a private corporation or other entity organized in some state other than the State of Texas, and does not maintain an office in the State of Texas; such defendant does not maintain a place of regular business in the State of Texas; nor has such defendant designated an agent upon whom service may be made.  Such defendant is doing business in the State of Texas and, in accordance with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has appointed the Secretary of State of the State of Texas as its agent upon whom service may be made.  It is plaintiffs' understanding that such defendant's home office address is as follows: National Tax, Inc., 303 S. President Street, Wheaton, Illinois 60187.

6.      Defendant Gas Recovery Partners 2 GP is a private corporation or other entity organized in some state other than the State of Texas, and does not maintain an office in the State of Texas; such defendant does not maintain a place of regular business in the State of Texas; nor has such defendant designated an agent upon whom service may be

2

made.  Such defendant is doing business in the State of Texas and, in accordance with §

17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has appointed

the Secretary of State of the State of Texas as its agent upon whom service may be made.

It is plaintiffs' understanding that such defendant's registered agent for service in Florida is:

Gas Recovery Partners 2 GP, Margot Calvert, 3405 Amberjack Drive, Hernando Beach,

Florida 34607.

7.     Defendant GRP2 is a private corporation or other entity organized in some

state other than the State of Texas, and does not maintain an office in the State of

Texas; such defendant does not maintain a place of regular business in the State of

Texas; nor has such defendant designated an agent upon whom service may be

made.  Such defendant is doing business in the State of Texas and, in accordance

with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has

appointed the Secretary of State of the State of Texas as its agent upon whom service

may be made.   Defendant may be served by serving: George B. Calvert, 3405

Amberjack Drive, Hernando Beach, Florida 34607.

8.     Defendant CH4 is a private corporation or other entity organized in some

state other than the State of Texas, and does not maintain an office in the State of

Texas; such defendant does not maintain a place of regular business in the State of

Texas; nor has such defendant designated an agent upon whom service may be

made.  Such defendant is doing business in the State of Texas and, in accordance

with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has

appointed the Secretary of State of the State of Texas as its agent upon whom service

may be made.   Defendant may be served by serving: George B. Calvert, 3405 Amberjack Drive, Hernando Beach, Florida 34607.

9.      Defendant Green Earth is a private corporation or other entity organized in some state other than the State of Texas, and does not maintain an office in the State of Texas; such defendant does not maintain a place of regular business in the State of Texas; nor has such defendant designated an agent upon whom service may be made.  Such defendant is doing business in the State of Texas and, in accordance with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has appointed the Secretary of State of the State of Texas as its agent upon whom service may be made. Defendant may be served by serving: George B. Calvert, 3405 Amberjack Drive, Hernando Beach, Florida 34607.

10.     Defendant Calvert and Associates, Inc. is a private corporation or other entity organized in some state other than the State of Texas, and does not maintain an office in the State of Texas; such defendant does not maintain a place of regular business in the State of Texas; nor has such defendant designated an agent upon whom service may be made.  Such defendant is doing business in the State of Texas and, in accordance with § 17.044(b) of the Texas Civil Practice and Remedies Code, such defendant has appointed the Secretary of State of the State of Texas as its agent upon whom service may be made.  Defendant may be served by serving: George B. Calvert, 3405 Amberjack Drive, Hernando Beach, Florida 34607.

Individual Primary Promoter Defendants

11.     Defendant George Calvert is an individual believed to be a resident of

4

Hernando Beach, Florida, and may be served with process at 3405 Amberjack Drive, Hernando Beach, Florida 34607.

12.     Defendant Gregory Guido is an individual believed to be a resident of Lithia, Florida, and may be served with process at 5818 Audubon Manor Blvd., Lithia, Florida 33547.

**Business Entity Tax Preparer Sub-Promoter Defendants**

13.     Defendant Compro Tax, Inc. is a domestic corporation and may be served with process by serving its registered agent for service, Jackie Mayfield, 999 S. 4th Street, Beaumont, Texas 77701.

14.     Defendant Compro Tax-North is a proprietorship and may be served with process by serving its owner, Denise White, 2720 N. 11th Street, Beaumont, Texas 77707.

15.     Defendant The Income Tax Office is a domestic corporation or other business entity doing business in Texas and may be served with process by serving: Louis Powell, 1100 Klondike, Carthage, Texas 75633.

16.     Defendant U. S. Energy Credits is a domestic corporation or other business entity doing business in Texas and may be served with process by serving: Louis Powell, 1100 Klondike, Carthage, Texas 75663.

17.     Defendant Virtual Professional Education is a domestic corporation or other business entity doing business in Texas and may be served with process by serving: Carl Martin Stewart, 407 County Road 279, Carthage, Texas 75633.

18.     Defendant Mr. Tax of America is a domestic corporation or other business entity doing business in Texas and may be served with process by serving: Edward

W. Adams, 485 Compton Lane, Waxahachie, Texas 75167.

19.   **Defendant Accurate Business Services is a domestic corporation or other business entity doing business in Texas and may be served with process by serving: Vinson C. Stanphill, 10054 Old Bridge Road, Terrell, Texas 75160.**

20.   **Defendant Federal USTAXCO, Inc. is a domestic corporation doing business in Texas and may be served with process by serving: Timothy W. Adams, 3229 Sugarbush Drive, Carrollton, Texas 75007.**

21.   **Defendant National Express Tax is a domestic corporation or other business entity doing business in Texas and may be served with process by serving: Sally Hand-Bostick, 3809 Plymouth Drive, Plano, Texas 75023.**

22.   **Defendant MDJ Business Services is a domestic corporation or other business entity doing business in Texas and may be served with process by serving: Mark D. Johnson, 2902 St. Jude Drive, Mansfield, Texas 76063.**

**Individual Tax Preparer Sub-Promoter Defendants**

23.   Defendant Denise White is an individual and may be served with process at 2720 N. 11th Street, Beaumont, Texas 77707.

24.   Defendant Craig D. Johnson is an individual and may be served with process at Compro Tax, Inc., 999 South 4th Street, Beaumont, Texas 77701.

25.   **Defendant Louis Powell is an individual believed to be a resident of Carthage, Texas, and may be served with process at 1100 Klondike, Carthage, Texas 75663.**

26.   **Defendant Elizabeth Powell is an individual believed to be a resident of Carthage, Texas, and may be served with process at 1100 Klondike, Carthage, Texas**

75663.

27.     Defendant Carl Martin Stewart is an individual resident of Texas and may be served with process at 407 County Road 279, Carthage, Texas 75633.

28.     Defendant Edward W. Adams is an individual resident of Texas and may be served with process at 485 Compton Lane, Waxahachie, Texas 75167.

29.     Defendant Timothy W. Adams is an individual resident of Texas and may be served with process at 3229 Sugarbush Drive, Carrollton, Texas 75007.

30.     Defendant Sally Hand-Bostick is an individual resident of Texas and may be served with process at 3809 Plymouth Drive, Plano, Texas 75023.

31.     Defendant Mark D. Johnson is an individual resident of Texas and may be served with process at 2902 St. Jude Drive, Mansfield, Texas 76063.

32.     Defendant Elizabeth Spinelli is an individual resident of Texas and may be served with process at 3512 Hearst Castle Way, Plano, Texas 75025.

33.     Defendant Vinson Stanpill is an individual resident of Texas and may be served with process at 10054 Old Bridge Road, Terrell, Texas 75160.

34.     Defendant Ronald Fontenot is an individual resident of the state of Louisiana and may be served with process at 1400 11th Street, Lake Charles, Louisiana 70601.

## C.  Jurisdiction

35.     The damages in this case exceed the minimum jurisdictional limits of this Court and all defendants did business in the State of Texas so as to subject themselves to the personal jurisdiction of its courts.

## D.  Venue

7

36.     Venue is proper in Jefferson County, Texas, pursuant to the permissive venue provisions of the Civil Practice and Remedies Code Sections 15.002(a)(1) because all or a substantial portion of the events or omissions occurred there and pursuant to Section 17.56 of the Business and Commerce Code because all or a substantial portion of the events or omissions giving rise to the claim occurred there.

### E.  Motion for Rule 42 Class Certification

37.     Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall, plaintiffs, move that the court certify the plaintiffs as class representatives pursuant to T.R.C.P. 42, and that this litigation proceed as a class action.  In support of this motion, the plaintiffs show:

### Class Action Allegations

38.     Pursuant to T.R.C.P. 42, plaintiffs bring this action on behalf of themselves and all others similarly situated, as representatives of the following class:

**Class Defined**

39.     All persons who had tax returns prepared by any of the Individual or Business Entity Tax Preparer Sub-Promoter Defendants in the State of Texas for any of the tax years 2004, 2005, 2006 and 2007 and purchased from, through, or based on the recommendation of any Individual or Business Entity Tax Preparer Sub-Promoter Defendant employee, agent or representative in the State of Texas an interest in or from any of the Business Entity or Individual Primary Promoter Defendants in an alleged Methane Gas Project Internal Revenue Code Section 29 Credit for Fuel from a Nonconventional Source for which the Internal Revenue Service subsequently disallowed the credit and assessed any taxes, interest and/or penalties.

8

### Rule 42 Requirements

40.    As described below, this action satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of T.R.C.P. 42:

### a.    Numerosity

41.    The persons in the class are so numerous that joinder of all members is impracticable. Although the exact number of class members is unknown to plaintiffs at this time, it is ascertainable by appropriate discovery, and plaintiffs are informed that the class includes several hundred members or more. The identity and location of class members may be identified from the records maintained and possessed by the defendants or their representatives or agents.

### b.    Commonality

42.    There are common questions of law or fact affecting the class.   Specifically, predominant common questions include:

(i)     Whether defendants breached contracts with class members by failing to provide the lawful tax credits for which class members contracted and paid.

(ii)    Whether defendants or any agents or employees of defendants misrepresented to class members the characteristics or benefits of the interests purchased by class members.

(iii)   Whether defendants engaged in deceptive conduct or fraud in their dealings with class members.

(iv)   Whether any defendants were agents of other defendants in their transactions with class members.

9

(v)     Whether any defendants breached the Texas Securities Act in selling alleged

ownership of tax credits to class members.

**c.     Typicality**

43.     The claims of Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka

Marie Hall are typical of the claims of the rest of the class in that these plaintiffs each

purchased alleged ownership interests for one or more of the tax years 2004, 2005, and

2006 from one or more of the individual or business entity primary promoters (designated

herein as Business Entity or Individual Primary Promoter Defendants) of the income tax

credits through a tax preparer in the State of Texas acting as a sub-promoter (designated

herein as Individual or Business Entity Tax Preparer Sub-Promoter Defendants) of or which

the Internal Revenue Service subsequently disallowed the credits and assessed taxes,

interest and/or penalties.

 Each plaintiff nominated as a class representative and all members of the class have

identical theories of liability and sustained damages from defendants' breach of contract,

negligence, fraud, deceptive practices, assisting and participating, conspiracy, possible

violations of the Texas Securities Act, breach of fiduciary duties, and unjust enrichment.

**d.     Fair and Adequate Representation**

44.     Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall will

fairly and adequately represent the interests of the class.  In support of this proposition,

these plaintiffs show:

(i)     These class representatives are members of the proposed class.

(ii)     These class representatives have expressed interest in representing the

10

class.

(iii)   These class representatives are willing to pay the costs of notice and litigation.

(iv)   These class representatives have no interests adverse to other members of the class.

(v)   These class members have suffered the same harm as the class.

**e.**   **Proposed Class Counsel Is Adequate**

45.   Kenneth W. Lewis of Bush Lewis, PLLC, Mitchell A. Toups of Weller, Green, Toups & Terrell, LLP, and Thomas A. Peterson of Peterson, Petit & Peterson request appointment as class counsel.

(i)   Mr. Lewis and Mr. Peterson and their staffs have spent several weeks researching the issues, including interviewing approximately a dozen class members, researching the defendants, locating and reviewing the Internal Revenue Service actions relating to these alleged tax credits, and researching and reviewing applicable law. Mr. Toups and Mr. Lewis have reviewed and discussed the class action issues.

(ii)   All three proposed class action counsel have practiced law for over 25 years and Mr. Lewis and Mr. Toups are Board Certified in Personal Injury Trial Law by the Texas Board of Legal Specialization. All three have extensive complex litigation experience. Mr. Lewis and Mr. Toups have been co-counsel on numerous mass tort cases, including several out-of-state mass tort cases. Mr. Lewis has worked in almost a dozen federal Multi-District Litigations (MDLs), as has Mr. Toups. Mr. Toups has been involved in dozens of

11

national and out-of-state class actions, usually as lead counsel. Both Mr. Lewis and Mr. Toups have housed documents and served as plaintiffs' counsel headquarters for MDL and other complex litigations involved multiple plaintiffs and co-counsel.

(iii)   All three lawyers have handled complex multi-plaintiff cases with similar damage claims involving differing amounts and calculations of damages and all three are familiar with the ethical issues involved in multi-plaintiff and class action cases.

(iv) All three lawyers will devote the necessary lawyer time, support staff, and other resources necessary to properly handle this case and have the technological experience and resources necessary to handle the class action.

### f.   Risk if Class Action Is Not Maintained

46.   The prosecution of separate suits by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the class, potentially establishing incompatible standards of conduct. One or more defendants may have limited resources with which to satisfy legal liability to class members and lawsuits by individual members of the class may result in plaintiffs with equal value claims receiving vastly different recoveries. Common questions of law or fact predominate over any questions affecting only individual members. The substantive issues that control the outcome of the litigation are:

(i)     What are the relationships of the defendants to one another?

(ii)    What legal role each defendant played in injury of class members?

(iii)   What economic losses were sustained by each class member?

12

The issues that will predominate in the trial on the merits are:

(i)      What legal theory or theories of liability are applicable to each defendant? Those issues are common to the class.  Additionally, a class action in this case is superior to the other available methods for the fair and efficient adjudication of the controversy because it is the most economical for the class members.

### F.  Facts

**Bertrands**

47.    In early 2007, husband and wife Plaintiffs Bertrand sought tax preparation services and legal tax reducing investments from one or more of the defendants in regards to their 2006 tax return due on April 15, 2007.  One or more of the defendants sold to them an alleged partial ownership in a tax shelter or credit scheme that was represented as a lawful method to reduce their taxes and reported the investment on their tax returns in a manner that caused Plaintiffs Bertrand to owe taxes, interest and potential penalties.

48.    Upon notification by the Internal Revenue Service that the tax reduction was being disallowed, plaintiffs were informed by one or more of the defendants  that a law firm had been hired by defendants on behalf of plaintiffs to appeal and challenge the Internal Revenue Service decision to disallow the tax deductions but plaintiffs never had any contact from any such lawyers and received no notice of abatement, delay or reduction of the assessment of taxes, interest and potential penalties by the Internal Revenue Service.

**Koenig**

49.    In both early 2006 and 2007, Plaintiff Koenig sought tax preparation services and legal tax reducing investments from one or more of the defendants in regards, respectively,

to his 2005 and 2006 tax returns due on, respectively, April 15, 2006, and April 15, 2007. One or more of the defendants sold to him an alleged partial ownership in a tax shelter or credit scheme that was represented as a lawful method to reduce his taxes and reported the investment on his tax return in a manner that caused Plaintiff Koenig to owe taxes, interest and potential penalties.

50.    Upon notification by the Internal Revenue Service that the tax reduction was being disallowed, plaintiff was informed by one or more of the defendants  that a law firm had been hired by defendants on behalf of plaintiff to appeal and challenge the Internal Revenue Service decision to disallow the tax deductions but plaintiff never had any contact from any such lawyers and received no notice of abatement, delay or reduction of the assessment of taxes, interest and potential penalties by the Internal Revenue Service.

**Hall**

51.    In early 2005, early 2006, and early 2007, Plaintiff Hall sought tax preparation services and legal tax reducing investments from one or more of the defendants in regards, respectively, for her 2004, 2005 and 2006 tax returns due on, respectively, April 15, 2005, April 15, 2006, and April 15, 2007.  One or more of the defendants sold to her an alleged partial ownership in a tax shelter or credit scheme each year that was represented as a lawful method to reduce her taxes and reported the investment on her tax return in a manner that caused Plaintiff Hall to owe taxes, interest and potential penalties.

52.    Upon notification by the Internal Revenue Service that the tax reduction was being disallowed, plaintiff was informed by one or more of the defendants  that a law firm had been hired by defendants on behalf of plaintiff to appeal and challenge the Internal Revenue Service decision to disallow the tax deductions but plaintiff never had any contact

14

from any such lawyers and received no notice of abatement, delay or reduction of the

assessment of taxes, interest and potential penalties by the Internal Revenue Service.

**I.R.S. Ruling**

53.     After a detailed investigation of the alleged IRC Section 29 Methane Gas Project

Credits for Fuel from a Nonconventional Source (FNS), the Internal Revenue Service

concluded on June 20, 2008, "every claimed qualified facility turned out to be unqualified

as to the taxpayer at issue . . . " because "neither the taxpayers nor the related partnerships

had any ownership interest in the facility."   In fact, when the I.R.S. compliance agents

contacted landfill owners and operators, it found that the owners and operators had "not

transferred (by sale or lease) any interests in their landfills to the partnerships in question,

nor have they contracted the rights to the IRC § 29 credits to the partnerships."

In other words, plaintiffs were sold alleged tax credits that did not exist from alleged

ownership interests allegedly sold after the operation that would give rise to any tax credits

in alleged methane gas projects that did not exist.  The I.R.S. concluded: "no credit should

be allowed under IRC § 29 for the taxpayers identified under the Methane Gas Project.

This is a factual determination based on the finding that these taxpayers do not hold any

ownership interests in qualified fuel facilities."

**Department of Justice Injunctive Lawsuit Against Scam**

54.     The federal government sued the defendants in this lawsuit on April 2, 2009, to bar

them from promoting the very alleged tax credits giving rise to this lawsuit, calling it "a tax

scam involving bogus income tax credits claimed for sham sales of methane from landfills."

The Department of Justice reported that Defendants Calvert and Guido "concocted" the

15

scheme that involved creating bogus business records to document sales of methane from landfill in Puerto Rico, Illinois, New York, Ohio and Connecticut when no methane sales ever occurred and then helping customers claim tax credits based on the purported sales. These tax credits were claimed under a federal income tax provision that allowed income tax credit for certain sales of fuel from non-conventional sources, including methane produced from landfills. Defendants Calvert and Guido promoted their bogus scheme through tax preparers, who acted as sub-promoters. According to the Department of Justice, the tax preparers allegedly sold interests in the sham methane productions facilities to thousands of customers in at least 14 states and prepared income tax returns for their customers claiming more than $30,000,000 in tax credits based on the sham sales. A true and correct copy of the Department of Justice press release on its legal actions against the defendants is attached hereto and incorporated by reference as Exhibit A.

### G.  Causes of Action

### Count 1: Breach of Contract

55.     As set forth above, plaintiffs entered into a contract with defendants for the purchase of sales and services. Plaintiffs have fully performed their obligations under the contract by payment in full.

56.     Defendants breached the contract described above by failing to properly inform and/or perform and/or remedy defects and/or breaches in their performance and properly deliver the goods and services for which plaintiffs contracted.

57.     As a result of defendants' breach of contract, plaintiffs sustained financial harm and lost the benefits expected to be received from the contract if the defendants had performed

as promised.

58.     Plaintiffs seeks all actual and consequential damages suffered from defendants' breach of contract.

59.     Plaintiffs are entitled to recover reasonable attorney's fees since this is a claim on a written contract.  Plaintiffs have been required to retain the services of counsel to prosecute this action.

60.     Should the claims of plaintiffs against any defendants be determined not to meet the requirements of a formal contract cause of action, plaintiffs seek to enforce against said defendants alternative quasi-contract claims in the form of quantum meruit, breach of warranty, and/or promissory estoppel.

## Count 2:  Violation of Texas Securities Act

61.     All previous counts and paragraphs are adopted herein by reference.

62.     Plaintiffs have reason to believe that one or more defendants have violated the Texas Securities Act in their dealings with plaintiffs and seek all allowable damages against said defendants.

## Count 3:  Breach of Fiduciary Duties

63.     All previous counts and paragraphs are adopted herein by reference.

64.     Plaintiffs allege that said conduct may involve breach of fiduciary duties owed plaintiffs by one or more defendants.  Should one or more defendants be found to have violated fiduciary duties owed to plaintiffs, plaintiffs seek such equitable and legal relief as may be appropriate.

## Count 4:  Negligence

65.     All previous counts and paragraphs are adopted herein by reference.

### a.     Common Law and Professional Negligence

66.     Plaintiffs allege that one or more defendants have breached legals duties owed to plaintiffs by failing to exercise the reasonable care that should have been exercised in the same or similar circumstances by a reasonably prudent defendant and that such breaches of duties have been a proximate cause of plaintiffs' injuries, for which plaintiffs allege claims of negligence.

### b.     Negligent Misrepresentation

67.     Plaintiffs also allege that the described conduct constitutes negligent misrepresentation in that one or more defendants made representations to the plaintiffs in the course of said defendants' business or in a transaction in which said defendant or defendants had an interest, that said defendants furnished false information for the guidance of others, defendants did not exercise reasonable care or competence in obtaining or communicating the information, plaintiffs justifiably relied upon the representations, and defendants' negligent misrepresentations proximately caused plaintiffs' injuries.

### Count 5:  Deceptive Trade Practices Act

68.     Plaintiffs sought to purchase or did purchase goods and/or services so as to qualify as consumers under Section 17.45(4) of the Texas Deceptive Trade Practices and Consumer Protection Act (DTPA hereinafter) for all purposes of this lawsuit.

### a.     Defendants Can Be Sued Under DTPA

69.     Defendants are all business entities that can be sued under the DTPA.

### b.    DTPA Violations

70.    Defendants violated the DTPA when defendants engaged in false, misleading, or deceptive acts or practices upon which plaintiffs relied to plaintiffs' detriment, breached express and implied warranties, and engaged in unconscionable actions and courses of action.

### c.    Deceptive Acts or Practices

71.    Defendants individually and/or collectively specifically engaged in the following false, misleading, or deceptive acts or practices:

- (a)    Passing off good or services as those of another in violation of §17.46(b)(1);

- (b)    Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of goods or services in violation of §17.46(b)(2);

- (c)    Causing confusion or misunderstanding about affiliation, connection, or association with, or certification by, another in violation of §17.46(b)(3);

- (d)    Representing that goods or services have approval, characteristics, uses, benefits or quantities they do not in violation of §17.46(b)(5);

- (e)    Representing that goods or services are of a particular standard, quality or grade if they are not in violation of §17.46(b)(7);

- (f)    Representing that an agreement confers or involves rights, remedies, or obligations that it does not (§17.46(b)(12); and/or

- (g)    Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed (§17.46(b)(24).

Plaintiffs detrimentally relied on one or more of the foregoing false, misleading, or deceptive acts or practices.

### d.    Breaches of Warranty

19

72.     The conduct previously described constitutes creation and breach of express warranties that goods and services would be provided in the represented manner and quality and of the implied warranty that said goods and services would meet the acceptable industry standards for tax preparation and investments for tax reduction purposes.

### e.      Unconscionable Acts or Course of Action

73.     The previously described conduct is an unconscionable act or practice or course of conduct because to plaintiffs' detriment it took advantage of their lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

### f.      Producing Cause of Damages

74.     Defendants' violations of the DTPA were a producing cause of economic damages that include out-of-pocket, benefit-of-the-bargain, costs of mitigation, and lost time damages and severe mental anguish and emotional distress.  More specifically, plaintiffs' damages to date include but are not limited to the following:

    (a)     Back taxes;

    (b)     Plaintiffs' lost time;

    (c)     Interest;

    (d)     Loss of investment; and

    (e)     Tax preparation costs.

### g.      Additional Damages

75.     Defendants are believed to have acted knowingly and intentionally in their violations of the DTPA entitling plaintiffs to a trebling of both economic and mental anguish damages.

### h.      Equitable Relief

76.     Under appropriate provisions of the DTPA, Plaintiffs seek:

(a)     An order ordering for defendants to immediately refund all payments made by plaintiffs to defendants so that plaintiffs may use those funds to mitigate their damages by paying the amounts owed the Internal Revenue Service pursuant to Section 17.50(b)(3);

(b)     Rescission of any terms of agreements between the parties that might limit plaintiffs' rights of recovery pursuant to Section 17.50(b)(3);

(c)     Appointment of a receiver if judgment against defendants is not satisfied within 30 days of entry pursuant to Section 17.59;

(d)     Revocation of any of defendants' licenses and/or certificates to do business if the judgment is not satisfied within three months of entry pursuant to Section 17.50(b)(4); and

(e)     Such other equitable relief to which plaintiffs may be justly entitled.

### i.     Attorney's Fees

77.     The undersigned attorneys reasonable time in this case is already significant  and still increasing.  Said attorneys are entitled to reasonable attorneys' fees from defendants for the handling of this claim for plaintiffs before and during litigation and, if necessary, through all appeals.

### j.     Conditions Precedent

78.     All conditions precedent to plaintiffs' claims for relief have been performed or have occurred or compliance is impossible or impractical.

### Count 6: Unjust Enrichment and Other Equitable Relief

79.    The allegations of all previous counts and paragraphs are adopted herein by reference.

80.    As an alternative cause of action if it is determined that plaintiffs have no legal remedy against one or more defendants, plaintiffs plead that the conduct of defendants have resulted in defendants' unjustly enriched to the detriment or impoverishment of plaintiffs, without justification and that if plaintiffs are without a legal remedy against such defendants, plaintiffs should be entitled to full restitution of all money paid to all defendants as an equitable remedy for such unjust enrichment.

## Count 7:  Fraud

81.    The allegations of all previous counts and paragraphs are adopted herein by reference.

82.    Plaintiffs allege that one or more defendants made or caused to be made to plaintiffs material false representations that said defendant or defendants knew were false or were made recklessly, as a positive assertion, and without knowledge of its truth, with the intent plaintiffs would rely on the representations, plaintiffs did rely on the representations, and plaintiffs were caused injury by the representations, for which plaintiffs allege claims of fraud.

## Count 8:  Assisting and Participating

83.    All previous counts and paragraphs are adopted herein by reference.

84.    Plaintiffs allege that all tax preparer sub-promoter defendants are liable to plaintiffs to whom they promoted the non-existent energy tax credits for the primary promoter defendants under assisting-and-participating liability as outlined in Restatement (2nd) of

Torts Section 876(c) because the following elements are present in their conduct:

(a)     The activities of the primary actors (primary promoter defendants) accomplished a tortious result, either a form of negligence or intentional tort;

(b)     The sub-promoter defendants provided substantial assistance to the primary promoter defendants in accomplishing their tortious result;

(c)     The conduct of the sub-promoter defendants in recommending purchase of the energy tax credits to said defendants' own profit while acting as tax preparers and financial advisors to plaintiffs, separate from the primary promoter defendants' actions, was a breach of duties to the plaintiffs; and

(d)     The participation of the sub-promoter defendants was a substantial factor in causing the tort.

## Count 9:  Conspiracy

85.     All previous counts and paragraphs are adopted herein by reference.

86.     Plaintiffs allege that all or many defendants are jointly and severally liable to all plaintiffs because they have engaged in a civil conspiracy in that:

(a)     Defendants were members of a combination of two or more persons;

(b)     The object of the combination was to accomplish:

(1)     An unlawful purpose; or

(2)     A lawful purpose by unlawful means;

(c)     The members had a meeting of the minds on the object or course of action;

(d)     One or more of the members committed an unlawful, overt act to further the object or course of action; and

(e)     The plaintiffs suffered injuries as a proximate result of the wrongful act.

23

## H. Agency

87.     The allegations of all previous counts are adopted herein by reference.

88.     Plaintiffs have reason to believe that Defendants White and Johnson owned or worked for Compro Tax offices that were franchises of or owned by Compro Tax, Inc. and that the tax shelters or credits sold at these offices were promoted by Compro Tax, Inc., with one or more of the local franchise, tax preparer, or Compro Tax, Inc. receiving commissions from the sales.  In any case, Defendants White and Johnson are believed to be agents of Compro Tax, Inc., with actual or apparent authority so as to bind Defendant Compro Tax, Inc., by their acts and omissions and to make Compro Tax, Inc. legally responsible for all of their liability.  Strictly in the alternative, Defendants White and Johnson are "brokers" for Compro Tax, Inc. (as alleged in the past in legal pleadings and/or judicial admissions filed on behalf of Compro Tax, Inc.), pay Compro Tax, Inc. a portion of their income, benefit from Compro Tax, Inc., and therefore create legal liability under the agency principle of apparent authority.   In the further alternative, the individual offices and employees under the Compro Tax, Inc. umbrellas are engaged in a joint enterprise so as to be jointly and severally  liable for any damages suffered by plaintiffs and other class members.  It is believed that similar relationships exist between the offices of the various tax preparer sub-promoter defendants and that perhaps agency relationships exist between some tax preparer sub-promoter defendants and some primary promoter defendants.

## I. Requests for Disclosures

89.     Under Texas Rule of Civil Procedure 194, plaintiffs request that each defendant disclose, within 50 days of the service of this request, the information and material

described in Rule 194.2.

## J. Prayer

90.     WHEREFORE, Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall, on behalf of themselves and others similarly situated, pray for the following relief:

a.      That the court issue citation for defendants to appear and answer.

b.      That the court certify the class as described in this petition and motion.

c.      That the court appoint class counsel.

d.      That the court award the class money damages.

e.      That the court issue an injunction enjoining the defendants from continuing the policies and practices complained of in this petition.

f.      That the court award the class prejudgment and postjudgment interest and costs of suit.

g.      That the court award Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall and the class members reasonable attorney's fees.

h.      Such other relief, at law or in equity, to Plaintiffs Jimmy and Nicola Bertrand, Corey Koenig, and Fredricka Marie Hall and the class as they may themselves be justly entitled.

Respectfully submitted,

BUSH LEWIS, PLLC
San Jacinto Building
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

25

By: _____
Kenneth W. Lewis
Texas Bar #12295300

Mitchell A. Toups
Texas Bar #20151600
Weller, Green, Toups & Terrell, L.L.P.
P.O. Box 350
Beaumont, TX 77704
409/838-0101
409/832-8577 (Fax)

Thomas A. Peterson
Texas Bar #15842900
PETERSON, PETIT & PETERSON
595 Orleans, Ste. 511
Beaumont, Texas 77701
409/838-6144
409/838-4421 (Fax)

ATTORNEYS FOR PLAINTIFFS

**JURY DEMAND**

Plaintiffs respectfully request a trial by jury.

**CERTIFICATE OF SERVICE**

I certify that on this ____ day of _____, 2009 a copy of this Plaintiffs' Second Amended Original Petition and Motion for  Class Certification was served by certified mail on Defendant Compro Tax, Inc. through its counsel of record, Michael  P. Cash, of Winstead, PC, 600 Travis, Ste. 1100, Houston, TX 77002, on Defendant National Tax, Inc. through its counsel of record, John W. Newton at Roach & Newton, LLP, 2905 Toccoa St., Beaumont, TX 77703, and by certified mail on Defendants Denise White and Compro Tax-North at 2720 N. 11th St., Beaumont, TX 77707.

_____
Kenneth W. Lewis

26

# ☀️ Department of Justice

**FOR IMMEDIATE RELEASE**                                            **TAX**
**Thursday, April 2, 2009**                                    **(202) 514-2007**
**WWW.USDOJ.GOV**                                **TDD (202) 514-1888**

## U.S. Sues 32 Individuals, Alleging $30 Million Tax Credit Scam Based on Sham Sales from Non-Existent Methane Production Facilities at Landfills

### *Florida-Based Promoters Allegedly Used Tax Preparers to Sell Scheme to Customers Across the Country*

WASHINGTON - The United States has sued four Certified Public Accounts (CPA), 27 tax preparers and one other individual, seeking to bar them from promoting an alleged tax scam involving bogus income tax credits claimed for sham sales of methane from landfills, the Justice Department announced today.

According to the civil injunction lawsuit, filed in Tampa with the U.S. District Court for the Middle District of Florida, George Calvert of Hernando Beach, Fla., and Gregory Guido of Lithia, Fla., concocted a scheme that involves creating bogus business records purportedly documenting sales of methane from landfills in Puerto Rico, Illinois, New York, Ohio and Connecticut. The suit alleges that there were no methane sales, but that the defendants helped their customers claim tax credits based on the purported sales. Federal law allows an income tax credit with respect to certain sales of fuel from non-conventional sources, including methane produced from landfills.

The government complaint alleges that Calvert and Guido promoted the scheme through tax preparers, who acted as sub-promoters. The tax preparers allegedly sold interests in the sham methane production facilities to thousands of customers in at least 14 states across the country and prepared income tax returns for their customers claiming more than $30 million in tax credits based on the sham methane sales.

Two of the larger sub-promoters, according to the complaint, were Louis and Elizabeth Powell, a married couple from Carthage, Texas. The suit alleges that the Powells sold the scheme to more than 1,800 customers, and then prepared tax returns for customers claiming more than $7.8 million of the improper credits.

Another large sub-promoter alleged to have promoted the scheme is Ronald Fontenot of Lake Charles, La. The complaint alleges that Fontenot is the president and CEO of Compro-Tax Inc., a tax preparation service with over 100 offices in the eastern and southern United States. According to the complaint, Fontenot promoted the credit scheme to all Compro-Tax store operators, and at least 54 of those Compro-Tax store operators sold interests in the scheme to customers and then prepared federal income tax returns for the customers claiming the improper tax credits.

The complaint further alleges that one sub-promoter, Sally Hand-Bostick, operator of National Express Tax in Carrollton, Texas, is a representative for Drake Software, a Franklin, N.C.-based company that sells tax preparation software to tax preparers in all 50 states. Hand-Bostick allegedly promoted the scheme to tax preparers who were her Drake Software customers. She also allegedly sold the scheme to her own tax preparation customers, and prepared returns for those customers claiming nearly $2.5 million of the improper tax credits.

A list of all defendants named in the suit is provided at the end of this release.

"Taxpayers need to choose their tax preparers carefully," said John DiCicco, acting assistant attorney general for the Justice Department's Tax Division. "They should be particularly alert when a tax preparer steers them towards a scheme that seems too good to be true."

EXHIBIT A

In the past decade, the Justice Department has obtained injunctions against more than 380 tax return preparers and tax-fraud promoters. Information about the Justice Department's Tax Division and its efforts to enjoin unscrupulous tax return preparers and tax-fraud promoters is available on the Justice Department Web site.

| Defendant | Business | Location |
|---|---|---|
| George Calvert | Calvert and Associates, Inc., GRP2, CH4, Green Earth, National Tax, Inc. | Hernando County, FL |
| Gregory Guido (CPA) | GRP2, CH4, Green Earth, National Tax, Inc. | Hernando County, FL |
| Louis Powell | The Income Tax Office, U.S. Energy Credits | Carthage, TX |
| Elizabeth Powell | The Income Tax Office, U.S. Energy Credits | Carthage, TX |
| Carl Martin Stewart | Virtual Professional Education | Carthage, TX |
| Larry Engelson | Hiestand and Co. | Grand Rapids, MI |
| Edward W. Adams (enrolled agent) | Mr. Tax of America | Dallas, TX |
| Timothy W. Adams (enrolled agent) | Federal USTAXCO, Inc. | Irving, TX |
| Sally Hand-Bostick | National Express Tax | Plano, TX |
| Ronald Fontenot | Compro-Tax, Inc. | Lake Charles, LA |
| David M. Berger (CPA) | David M. Berger, An Accountancy Corp. | Studio City, CA |
| David J. Geiger (enrolled agent) | EK Williams and Co., | St. Charles, MO |
| Mark D. Johnson | MDJ Business Services | Mansfield, TX |
| Defendant | Business | Location |
| Ralph D. Johnson (enrolled agent) | Complete Accounting Solutions | Alton, IL |
| William G. Neel (CPA, enrolled agent) | Comprehensive Accounting Services; TA Neelco Inc. | Clayton, MO |
| Elizabeth Spinelli (CPA) | sole-proprietor | Plano, TX |
| Vinson Stanphill | Accurate Business Services | Mesquite, TX |
| Anthony Burrell | Compro-Tax, Inc. | Corrigan, TX |
| Silas Anderson | Compro-Tax, Inc. | San Antonio, TX |
| Ursa Bookman | Compro-Tax, Inc. | Camden, TX |
| Clevon Harper | Compro-Tax, Inc. | Lufkin, TX |
| Craig D. Johnson | Compro-Tax, Inc. | Beaumont, TX |
| Jacqueline Levias | Compro-Tax, Inc. | Orange, TX |
| Jackie E. Mayfield | Compro-Tax, Inc. | Orange, TX |
| Carlos Metoyer | Compro-Tax, Inc | Lake Charles, LA |
| Yusef A. Muhammed | Compro-Tax, Inc. | Beaumont, TX |
| Joann Spooner | Compro-Tax, Inc. | Port Arthur, TX |
| Gloria Toren | Compro-Tax, Inc. | Lufkin, TX |

| Edward Trotty | Compro-Tax, Inc. | Lufkin, TX |
| Denise White | Compro-Tax, Inc. | Beaumont, TX |
| Walter Drakeford | Drakeford and Drakeford, P.A. | Tampa, FL; Fredricksburg, VA |
| Robert Anderson | A&N Energy Systems, Inc. | Bloomington, IL |

### 

09-298